UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
VINCENT IAVARONI and BESS SOLOMON,

                      Plaintiffs,

        -against-                                **COMPLAINT**

HYLAN SUPPLY CORP., HYLAN HARDWARE
INC., and CARLO SACCHERI,

                      Defendants.
-----------------------------------------------------------------------X

        Plaintiffs Vincent Iavaroni and Bess Solomon (collectively, "Plaintiffs"), by their attorneys Pechman Law Group PLLC, complaining of Defendants Hylan Supply Corp., Hylan Hardware Inc., and Carlo Saccheri (collectively, "Defendants"), allege:

## NATURE OF THE ACTION

        1.     Plaintiffs regularly worked as office assistants and front desk workers at Hylan Supply, a hardware supply store located in Staten Island. Throughout their employment, Plaintiffs worked between forty-two and one-half hours and forty-seven and one-half hours per workweek, but Defendants paid them at the same regular hourly rates for all hours worked, including those over forty per workweek. Defendants also failed to provide Plaintiffs with accurate wage statements with each payment of wages.

        2.     Plaintiffs bring this action to recover their unpaid overtime wages, liquidated damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law § 190 *et seq.* ("NYLL"), and the NYLL's Wage Theft Prevention Act, NYLL §§ 195, 198 ("WTPA").

## JURISDICTION

3. This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and it has supplemental jurisdiction over Plaintiffs' NYLL claims pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391 because the events giving rise to Plaintiffs' claims occurred at Hylan Supply, which is located and operated by Defendants in the Eastern District of New York.

## THE PARTIES

**Vincent Iavaroni**

5. Vincent Iavaroni resides in Richmond County, New York.

6. Defendants employed Iavaroni as a plumbing counter salesclerk from approximately April 1998 through March 24, 2023.

**Bess Solomon**

7. Bess Solomon resides in Richmond County, New York.

8. Defendants employed Solomon as an office assistant from approximately April 2013 through March 24, 2023.

**Defendant Hylan Supply Corp.**

9. Defendant Hylan Supply Corp. is a New York corporation that owns, operates, and does business as Hylan Supply, a hardware store located at 2249 Hylan Boulevard, Staten Island, New York 10306.

10. Hylan Supply Corp. is an "enterprise engaged in commerce" within the meaning of the FLSA.

11. Hylan Supply Corp. has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

12. In the three years preceding the filing of this Complaint, Hylan Supply Corp. has had an annual gross volume of sales in excess of $500,000.

13. Throughout Plaintiffs' employment, Hylan Supply Corp. employed at least eleven employees.

**Defendant Hylan Hardware Inc.**

14. Defendant Hylan Hardware Inc. is a New York corporation that owns, operates, and does business as Hylan Supply, a hardware store located at 2249 Hylan Boulevard, Staten Island, New York 10306.

15. Hylan Hardware Inc. is an "enterprise engaged in commerce" within the meaning of the FLSA.

16. Hylan Hardware Inc. has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

17. In the three years preceding the filing of this Complaint, Hylan Hardware Inc. has had an annual gross volume of sales in excess of $500,000.

18. Throughout Plaintiffs' employment, Hylan Hardware Inc. employed at least eleven employees.

**Defendant Carlo Saccheri**

19. Defendant Carlo Saccheri is an owner and principal of Hylan Supply Corp. and Hylan Hardware Inc.

20. Carlo Saccheri is listed as the Chief Executive Officer of Hylan Supply Corp. and Hylan Hardware Inc. on New York State Division of Corporations business entity filings.

21. As an owner and principal of Hylan Supply, Carlo Saccheri held power and authority over personnel decisions at Hylan Supply, including the power to set employee schedules and wage rates, retain time and/or wage records, and otherwise control conditions of employment.

22. For example, Carlo Saccheri hired Plaintiffs.

23. For example, Carlo Saccheri decided Plaintiffs' wage rates.

24. Carlo Saccheri also delegated power and authority to exercise control over the terms and conditions of Plaintiffs' employment to managers at Hylan Supply, including his children Sal and Jennifer Saccheri.

25. Carlo Saccheri exercised sufficient control over Hylan Supply's operations and Plaintiffs' employment to be considered their employer under the FLSA and NYLL.

## FACTUAL ALLEGATIONS

**Vincent Iavaroni's Hours Worked and Wages Paid**

26. Throughout his employment, Iavaroni regularly worked approximately forty-seven and one-half hours per workweek, from 7:00 a.m. to 5:00 p.m. Monday through Friday with a daily thirty-minute lunch break.

27. From approximately 2016 through the end of his employment, Defendants paid Iavaroni $1,500 for all hours worked per workweek, including those over forty.

28. Throughout his employment, Iavaroni communicated and placed orders with several vendors and companies outside of New York State.

29. Throughout his employment, Iavaroni did not hire or fire any employees.

30. Iavaroni did not direct the work duties of other employees at Hylan Supply.

31. Throughout his employment, Iavaroni performed his duties based on what he was told to do by managers and or/ Saccheri.

**Bess Solomon's Hours Worked and Wages Paid**

32. Throughout her employment, Solomon regularly worked approximately forty-two and one-half hours per workweek, from 7:30 a.m. to 4:30 p.m. Monday, Tuesday, Thursday, and Friday, and from 8:00 a.m. to 5:00 p.m. on Saturday, with daily thirty-minute lunch breaks.

33. From approximately 2016 through the end of her employment, Defendants paid Solomon $875 for all hours worked per workweek, including those over forty.

34. Throughout her employment, Solomon communicated and placed orders with several vendors and companies outside of New York State.

35. Throughout her employment, Solomon did not hire or fire any employees.

36. Solomon did not direct the work duties of others at Hylan Supply.

37. Throughout her employment, Solomon performed her duties based on what she was told to do by managers and or/ Saccheri.

## FIRST CLAIM
## (FLSA – Unpaid Overtime Wages)

38. Plaintiffs repeat and incorporate all foregoing paragraphs by reference.

39. Defendants are employers within the meaning of 29 U.S.C. §§ 203(d) and 207(a) and employed Plaintiffs.

40. Defendants were required to pay Plaintiffs one and one-half (1½) times their regular hourly rates for all hours worked in excess of forty hours per workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 *et seq.*

41. Defendants failed to pay Plaintiffs the overtime wages to which they were entitled under the FLSA.

42. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs the proper overtime wage rate.

43. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and did not make a good faith effort to comply with the FLSA with respect to Plaintiffs' compensation.

44. As a result of Defendants' violations of the FLSA, Plaintiffs are entitled to recover their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

## SECOND CLAIM
### (NYLL – Unpaid Overtime Wages)

45. Plaintiffs repeat and incorporate all foregoing paragraphs by reference.

46. Under the NYLL and supporting New York State Department of Labor ("NYDOL") regulations, Defendants were required to pay Plaintiffs one and one-half (1 ½) times their regular rates of pay for all hours worked in excess of forty per workweek.

47. Defendants failed to pay Plaintiffs the overtime wages to which they were entitled under the NYLL and its supporting regulations.

48. Defendants willfully violated the NYLL and its supporting regulations by knowingly and intentionally failing to pay Plaintiffs overtime wages.

49. As a result of Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

## THIRD CLAIM
### (NYLL WTPA – Failure to Provide Accurate Wage Statements)

50. Plaintiffs repeat and incorporate all foregoing paragraphs.

51. Defendants failed to furnish Plaintiffs, with each payment of wages, with a statement accurately listing: rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

52. As a result of Defendants' violations of NYLL § 195(3), Plaintiffs are entitled to recover statutory damages and reasonable attorneys' fees and costs, pursuant to NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

a. declare that Defendants violated the overtime wage provisions of the FLSA, the NYLL, and supporting regulations;

b. declare that Defendants violated the wage statement provisions of the NYLL's WTPA;

c. declare that Defendants' violations of the FLSA and the NYLL were willful;

d. enjoin and permanently restrain Defendants from further violations of the FLSA and NYLL;

e. award Plaintiffs damages for unpaid overtime wages;

f. award Plaintiffs liquidated damages;

g. award Plaintiffs statutory damages as result of Defendants' failure to furnish Plaintiffs with accurate wage statements as required by the NYLL's WTPA;

h. award Plaintiffs pre- and post-judgment interest under the NYLL;

7

    i.  award Plaintiffs reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

    j.  award such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury in this action.

Dated: New York, New York
    June 20, 2023

          PECHMAN LAW GROUP PLLC

          By: _____
          Louis Pechman
          Gianfranco J. Cuadra
          Camille A. Sanchez
          488 Madison Avenue, 17th Floor
          New York, New York 10022
          Tel.: (212) 583-9500
          pechman@pechmanlaw.com
          cuadra@pechmanlaw.com
          sanchez@pechmanlaw.com
          *Attorneys for Plaintiffs*